<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARMELA PATEL,<br><br>                Plaintiff,<br><br>      v.<br><br>VENERABLE INSURANCE ANDANNUITY COMPANY and DIRECTED SERVICES LLC,<br><br>                Defendants. | Case No. 2:20-cv-03226 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is a Motion for Summary Judgment (ECF No. 17) filed by Defendants Venerable Insurance and Annuity Company ("VIAC") and Directed Services, LLC ("DSL") (collectively, "Defendants"), and a Cross Motion for Summary Judgment (ECF No. 18) filed by Plaintiff Carmela Patel ("Patel"). Both parties filed Briefs in support of their motions (ECF Nos. 17-1 and 18-6) and Reply Briefs (ECF Nos. 19 and 21). Having reviewed the submissions filed in connection with the motions and having held oral argument pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause appearing, Defendants' Motion for Summary Judgment is **GRANTED**, and Patel's Cross Motion for Summary Judgment is **DENIED**.

I.     **BACKGROUND**

Patel purchased an annuity contract issued by ING Annuity and Insurance Company ("ING"), Defendants' predecessor company, on or about September 24, 2007 (the "Contract").[1] (ECF No. 17-1 at 5; ECF No. 18-6 at 4.) Under the Contract, Patel could purchase an additional benefit that would credit a guaranteed 7% interest to her death benefit every quarter she owned the Contract, until an end date disputed by the parties. (ECF No. 17-1 at 5; ECF No. 18-6 at 5.) Vincent Neumann ("Neumann"), Patel's nephew, facilitated Patel's purchase of the Contract and received a sales commission from ING. (ECF No. 20 at 3–4; ECF No. 21 at 2.) Neumann is now deceased. Tr. Upon her purchase, Patel signed an application advising her to review the Contract documents closely, with a written acknowledgement that she received a prospectus applicable to the Contract. (ECF No. 17-2 ¶ 5; ECF No. 18-4 ¶ 5.) Thereafter, Patel's death benefit value increased each quarter at the 7% interest rate until September 24, 2019, when Defendants stopped crediting the quarterly 7% interest. (ECF No. 17-1; ECF No. 17-2 ¶ 10; ECF No. 18-4 ¶ 10.) Patel claims the 7% interest accrual should continue until September 24, 2029. (ECF No. 18-6 at 10.)

On February 12, 2020, Patel filed a Complaint in the Superior Court of New Jersey, Law Division of Hudson County, New Jersey, asserting claims for breach of contract (Count I) and

---

[1] During oral argument, Patel disputed the fact that she got a variable annuity contract from Defendants or ING. Draft Tr. July 26, 2021 Oral Arg. ("Tr."). However, Patel has previously admitted having purchased a variable annuity contract from ING. (ECF No. 17-2 ¶ 1; ECF No. 18-4 ¶ 1.) The Court need not rule on this inconsistency. As illustrated below, whether the Contract is for a variable or another type of annuity does not affect the Court's analysis. At this stage, it is sufficient to note Patel purchased an annuity contract from ING. Patel also made that admission in her deposition. (ECF No. 18-7 at 5.)

consumer fraud under New Jersey consumer fraud laws (Count II).[2] (ECF No. 1-1 Ex. A.) On March 25, 2020, Defendants removed the case to this Court. (ECF No. 1.) Discovery was closed as of December 2020, and the parties did not request additional discovery. Tr. On December 21, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 17.) On January 5, 2021, Patel opposed Defendants' Motion for Summary Judgment and filed a Cross Motion for Summary Judgment. (ECF No. 18.) On January 12, 2021, Defendants filed a Reply Brief in support of its Motion for Summary Judgment and in opposition to Patel's Cross Motion for Summary Judgment. (ECF No. 19.) On January 14, 2021, Patel filed a Reply Brief in support of its Cross Motion for Summary Judgment and in opposition to Defendants' Motion for Summary Judgment. (ECF No. 21.) On July 26, 2021, the Court held oral argument. (ECF No. 23.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of

---

[2] The Complaint does not specify what Patel's Count I is. (*Id*. Ex. A at 2–4.) The Court construes Patel's Count I to be a breach of contract claim, because the Complaint alleges her damages as a result of Defendants' breach of contract. (*Id*. Ex. A at 3.) Defendants also consider Patel asserted a breach of contract claim. (*See* ECF No. 17-1 at 12.)

3

the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *id.* at 255).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id*. at 331 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727 (2d ed. 1983)). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either: (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. (citations omitted). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A]

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### III. DECISION

#### A. Summary Judgment is Granted for Defendants on Count I

Defendants maintain the plain terms of the Contract and the prospectus state the 7% guaranteed interest rate is credited until the earlier of either (1) the Contract's anniversary following Patel's 80th birthday, or (2) the time when the guaranteed death benefit reaches 2.5 times the premium amount initially paid for the Contract (the "Initial Amount"). (ECF No. 17-1 at 5, 8, 15.) Defendants allege Patel signed an acknowledgement at the time she purchased the Contract; the acknowledgement stated Patel received a copy of the Contract's terms, including those for the 7% interest. (*Id*. at 15.) Defendants argue they did not breach the Contract, because they credited the 7% interest in all periods up to the quarter following Patel's 80th birthday in August 2019. (*Id*. at 18.) Defendants point out Patel fails to demonstrate she had a contract with Defendants, under which the 7% interest accrual continues beyond September 2019, *i.e.*, the Contract's anniversary following her 80th birthday. (ECF No. 19 at 11.)

Patel claims she never saw, agreed to or signed Defendants' version of the Contract. (ECF No. 18-6 at 5.) Patel denies having signed an acknowledgement of the receipt of the Contract. (ECF No. 21 at 1.) Patel alleges, upon her purchase, Neumann represented to her and her husband (now deceased) that the 7% interest would accrue until September 24, 2029, which would coincide with the time when the death benefit reaches 2.5 times the Initial Amount. (ECF No. 18-6 at 5–6.) Patel insists Neumann was an agent of Defendants, and his representations therefore bind Defendants. (*Id*. at 8.) Patel argues the quarterly statements she received from ING and Defendants all refer to an annuity termination date of September 24,

2029.³ (*Id*. at 7.) Patel contends the prospectus, which is not a contract that binds her or her husband, contains different terms for calculating the interest on death benefit, thereby creating a question of fact concerning the Contract's applicable terms. (*Id*.)

Defendants counter the quarterly statements contain no representation that supports Patel's position on the 7% interest. (ECF No. 19 at 12.) Defendants assert Patel provides no evidence of any representation by Neumann that she would be credited the 7% interest beyond the Contract's anniversary following her 80th birthday; moreover, such alleged representation cannot be admitted to alter the fully integrated Contract under the parol evidence rule. (*Id*. at 9, 13–14.) Defendants maintain Neumann was not their agent, but worked for Summit Equities, an independent investment adviser firm. (*Id*. at 14.) Defendants add the application signed by Patel shows Neumann acted on her behalf with respect to the purchase of the Contract. (*Id*. at 15.) Defendants argue there is no issue of fact with the prospectus, whose 7% interest provision is the same with that in the Contract. (*Id*. at 7 n.1.) Defendants insist Patel signed the Contract by signing the application, which was incorporated as a part of the Contract and advised her to review the rest of the Contract and prospectus. (*Id*. at 9.)

"To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Red Roof Franchising, LLC v. AA*

---

³ In the oral argument, Patel claimed the quarterly statements referred to an annuity *commencement* date of September 24, 2029. Tr. This contradicts Patel's reference in the Brief to an annuity *termination* date of September 24, 2029. The Court need not consider such self-contradictory allegations by Patel. See *Poff v. Prime Care Med., Inc.*, Civ. A. No. 13-3066, 2015 U.S. Dist. LEXIS 37980, at *32 (M.D. Pa. Mar. 25, 2015) (noting that "a court may disregard on summary judgment" "self-contradictory evidence"); *Kuibyshevnefteorgsynthez v. Model*, Civ. A. No. 93-4919, 1995 U.S. Dist. LEXIS 1896, at *39–40 (D.N.J. Feb. 6, 1995) (citations omitted) ("[W]here an affiant contradicts his earlier deposition testimony, it is permissible to discount the later, inconsistent averments.").

*Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 149 (D.N.J. 2012) (quoting *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)). Accordingly, on Count I, Patel must show she has a contract with Defendants, under which the 7% interest should continue to accrue after the contract's anniversary following Patel's 80th birthday, so that Defendants' failure to credit the 7% interest after that time point breached the contract. Whether or not Defendants can establish a contract with Patel that says otherwise on the 7% interest cannot relieve Patel of such a burden of proof. Even if Patel did not sign any contract with Defendants or ING, it does not establish Defendants' breach of contract.

Therefore, to defeat Defendants' Motion for Summary Judgment, Patel "must refer to citations in the record which support h[er] contentions that material questions of fact exist" as to whether Patel has a contract with Defendants that provides the 7% interest on death benefit should continue to accrue after September 2019, *i.e.*, the contract's anniversary following Patel's 80th birthday. *Luscko v. S. Container Corp.*, Civ. A. No. 06-3896, 2009 U.S. Dist. LEXIS 119365, at *26 (D.N.J. Dec. 23, 2009) (citing *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)). Patel fails to do so. The only facts alleged by Patel that can support her position on the 7% interest are: (1) Neumann's representation to her and her husband before she purchased the Contract; and (2) the quarterly statements sent from Defendants or ING. However, neither of the alleged facts constitutes evidence that allows Patel to survive Defendants' Motion for Summary Judgment.

As for Neumann's alleged representation on the 7% interest, Patel points to no deposition, affidavit or other forms of evidence from Neumann concerning the alleged representation. Also, Patel cannot rely on her own or a third person's statements on Neumann's alleged representation, because such statements would be "[i]nadmissible hearsay" that "may not

be considered for purposes of summary judgment." *Howley v. Experian Info. Sols., Inc.*, 813 F. Supp. 2d 629, 637 (D.N.J. 2011) (citing *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009)). Though "hearsay evidence . . . opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, *i.e.*, in a form that 'would be admissible at trial,'" *id*. (quoting *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, (3d Cir. 1990)), Neumann, now deceased, can no longer participate in this litigation. The Court does not discern, and Patel does not point to, any hearsay exception that could make any evidence of Neumann's alleged representation admissible. As a result, the Court finds "no basis for concluding that the hearsay evidence on which [Patel] relies could be introduced in admissible form at trial," and "the [alleged] representations made to [her] by [Neumann] cannot be considered." *In re Tire Worker Asbestos Litig.*, Civ. A. No. 88-4850, 1991 U.S. Dist. LEXIS 10513, at *6 (E.D. Pa. July 30, 1991). In other words, Patel provides no evidence of Neumann's alleged representation that can be considered at this stage, regardless of Neumann's agent status and the applicability of the parol evidence rule.

As for the quarterly statements, the Court does not discern, and Patel fails to point to, any specific page or provision that, in Patel's language, "unequivocally refer[s] to an annuity termination date of September 24, 2029." (ECF No. 18-6 at 7.) The quarterly statements did refer to an Annuity Commencement Date (the "Date") of September 24, 2029. (ECF No. 18-8 at 2, 4, 6.) But the Court does not discern, and Patel does not point to, any evidence that links the Date to the 7% interest accrual on death benefit. Instead, Patel admits she could not recall anything in writing that indicates the 7% interest accrual would continue until the Date or when the death benefit reaches 2.5 times the Initial Amount. (ECF No. 18-7 at 14.) In the oral argument, Patel attempted to link the Date to the 7% interest accrual by explaining the Date: (1) "coincide[d]"

8

with time when the death benefit would reach 2.5 times the Initial Amount, based on the quarterly 7% interest accrual; and (2) showed the Contract should not be "dead" when Patel reached 80 years old in 2019. Tr. However, a mere coincidence in time is insufficient to show a logical connection between the Date and the end of the 7% interest accrual. *See Momah v. Albert Einstein Med. Ctr.*, 978 F. Supp. 621, 632 (E.D. Pa. 1997) ("A causal relationship . . . requires more than mere coincidence."); *Riverview Fire Prot. Dist. v. Workers' Comp. Appeals Bd.*, 28 Cal. Rptr. 2d 601, 605 (Cal. Ct. App. 1994) ("Two things are reasonably linked if there is a logical connection between them . . . . [The plaintiffs] must show something more than a mere coincidence . . . [to] show a logical connection between the two."). Also, the Court discerns no reason why the Contract could turn "dead" simply because Patel reached 80 years old. After all, the 7% interest accrual on death benefit is only a part of the benefit offered by the Contract; even if the 7% interest stops accruing upon Patel's 80th birthday, it does not mean the whole Contract would expire and turn "dead." Therefore, the quarterly statements cannot support Patel's position on the 7% interest. Patel's explanations of the Date are at most colorable statements with respect to Defendants' contractual obligations and cannot defeat Defendants' Motion for Summary Judgment on Count I. *See Heffron v. Adamar of N.J., Inc.*, 270 F. Supp. 2d 562, 569 (D.N.J. 2003) (quoting *Anderson*, 477 U.S. at 249–50) ("[I]f the non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative,' the court must enter summary judgment in favor of the moving party.").

Accordingly, the Court finds Patel fails to cite anything in the record to create a material fact issue on when the 7% interest should stop accruing. There is no evidentiary basis to show Defendants' failure to credit the 7% interest beyond September 2019 was a breach of contract. Summary judgment for Defendants on Count I is therefore warranted.

### B.      Summary Judgment is Granted for Defendants on Count II

Patel's Complaint alleges Defendants' violation of "New Jersey applicable consumer fraud statutes" under Count II, without specifying a particular consumer fraud law. (ECF No. 1-1 Ex. A at 4.) The only consumer fraud law discussed by the parties is the New Jersey Consumer Fraud Act ("NJCFA"). (*See* ECF No. 17-1 at 21; ECF No. 18-6 at 9.) Therefore, the Court construes Patel's Count II as brought under the NJCFA. As illustrated below, Patel does not have a viable NJCFA claim.

"NJCFA requires that, in order to recover any damages, a plaintiff must show that she has suffered an ascertainable loss as a result of the defendant's unlawful commercial practice." *Cannon v. Cherry Hill Toyota, Inc.*, 161 F. Supp. 2d 362, 373 (D.N.J. 2001) (citing N.J. Stat. Ann. § 56:8-19). "[T]he NJCFA does not provide for recovery of statutory damages where a plaintiff cannot show actual harm." *Id*. At the summary judgment stage, "a private plaintiff" that asserts a NJCFA claim "must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss." *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, Civ. A. No. 03-4558, 2010 U.S. Dist. LEXIS 68241, at *82 (D.N.J. July 9, 2010) (quoting *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792 (N.J. 2005)). "'To raise a genuine dispute about such a fact, the plaintiff must proffer evidence of loss that is not hypothetical or illusory,' and in order to avoid summary judgment, the evidence 'must be presented with some certainty demonstrating that it is capable of calculation.'" *Id*. (quoting *Thiedemann*, 872 A.2d at 792).

Here, Patel fails to provide evidence of her actual loss caused by Defendants, because she has not shown her entitlement to the 7% interest accrual on death benefit after September 2019. *See* Part III.A, *supra*. Because Patel produces no evidence on an essential element of Count II, summary judgment for Defendants is warranted on Count II.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**, and Patel's Cross Motion for Summary Judgment is **DENIED.** An appropriate order follows.

**Date: August 26, 2021**         */s/ Brian R. Martinotti*
                                  **HON. BRIAN R. MARTINOTTI**
                                  **UNITED STATES DISTRICT JUDGE**